BROCKMAN v. PAPE.

(Supreme Court, Appellate Term. May 7, 1909.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—SETTING ASIDE JUDGMENT—GROUNDS —MODE OF TRIAL.

After hearing all the evidence in a cause, the justice trying the cause stated that he did not wish to decide the case, and asked the defendant's attorney whether he would be willing to try the case before a jury, to which the defendant's attorney assented. The justice then suggested that, instead of waiting for a jury trial, the case be retried before another justice in another part of the courthouse. The parties then proceeded to trial before the second justice de novo, and judgment was rendered for plaintiff. *Held*, that the judgment would not be set aside because of the intimation of the first trial justice that the case ought to be tried before a jury, in the absence of any positive contention that the judgment rendered was against the weight of the evidence; the intimation of the justice not furnishing any of the grounds for setting aside a judgment prescribed by Municipal Court Act (Laws 1902, p. 1563, c. 580) § 254.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. JURY (§ 28*)—RIGHT TO JURY TRIAL—WAIVER.

Where, after a justice before whom evidence in a cause was heard refused to make a decision, intimating that the cause ought to be tried by a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jury, defendant, instead of waiting for a jury, consented to proceed at once de novo before another justice, he waived his right to a jury trial.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 181, 186, 187; Dec. Dig. § 28.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Annie Brockman against Paul Pape. From an order of the Municipal Court setting aside a judgment for plaintiff, rendered after a trial without a jury, and setting the case down for trial with a jury, plaintiff appeals. Order reversed and vacated, and judgment reinstated.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Jellenik & Stern (Nathan D. Stern, of counsel), for appellant.
Emil E. Fuchs, for respondent.

PER CURIAM. The action came on for trial before Justice Joseph on January 27, 1909, without a jury. After all the evidence on both sides had been offered, Justice Joseph (as stated upon respondent's brief and as appears from the decision upon which the order appealed from was entered) stated that he did not wish to decide the case, and asked the defendant's attorney whether he would be willing to try the case before a jury, to which the defendant's attorney assented. Justice Joseph then suggested that, instead of waiting for a jury trial, the case be retried before Mr. Justice Roesch in part 2 of the court at once. The parties then proceeded to trial before Justice Roesch de novo, and decision was reserved until the following day, when judgment was rendered for plaintiff for $255. Two days thereafter, to wit, on January 30, 1909, the defendant secured an order to show cause, returnable before Justice Roesch, "why the judgment heretofore rendered in said action on the 28th day of January, 1909, and fully described and set forth in said affidavit, should not be opened, vacated, and set aside, and a new trial granted before a jury, and why said defendant should not have such other and further relief," etc.

The affidavit upon which this order to show cause was secured recites the trial by Justice Joseph, his refusal to decide the case, the sending of the case to Justice Roesch, the trial before him, and the judgment in favor of the plaintiff. It then proceeds to a brief summary of the evidence, after which it repeats the statement "that Mr. Justice Joseph intimated, after refusing to give a decision after hearing all the testimony therein, that the case should be tried before a jury, and your deponent submits that the great preponderance of evidence in this case and the logical truth of the two stories told is clearly in favor of the defendant, in that"—and here follow six separate statements of what the defendant says was the effect of the testimony of various witnesses. This affidavit is made by one Tyler, who describes himself as of counsel for the defendant. It is followed by an affidavit, made by the attorney of record, which states simply that he has read Tyler's affidavit and knows it to be true. The above constitute all the moving

papers, except that the order to show cause contains the usual omnibus recital, "upon all the papers and proceedings in the above-entitled action." There appears, also, in the record, an affidavit of Pape, the defendant, over date of February 3, 1909 (the order to show cause being returnable February 2, 1909), in which he denies certain transactions with the payee of the check (which was indorsed to plaintiff and upon which the action was brought) and alleges that he has newly discovered evidence which he desires to be introduced.

The order appealed from recites the three affidavits (although the affidavit of Pape was not a part of the moving papers), the "summons, pleadings, papers, and proceedings herein," and decrees that the judgment "be and the same hereby is in all respects vacated and set aside, and a new trial ordered herein before a jury." The decision upon which the order was entered states in brief that Justice Roesch did not know that Justice Joseph had fully tried the case and intimated that he would not decide it because it ought to be tried before a jury, and states that the case "is in fact peculiarly a case which should have been tried before a jury." It appears, therefore, that the application was based and the order granted upon the intimation of the first trial justice that the case ought to be tried before a jury. The inferential statement in the moving affidavit of Tyler is unimportant. It amounts to nothing more than a suggestion that possibly a jury might not agree with Justice Roesch upon a new trial. Nowhere in the record is there any positive contention that the judgment is against the weight of evidence. The application to set it aside was not based upon that theory, as is apparent from the order to show cause. The order setting aside the judgment was not granted upon that ground, as appears both from its face and from the opinion of Justice Roesch.

We think the order was not within any of the requirements of section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580), and was without authority. In addition thereto, whatever rights defendant had to a jury trial were clearly waived. After the trial before Justice Joseph, and after his intimation that he regarded a jury trial desirable, defendant on his own showing consented, instead of waiting for a jury trial, to proceed at once de novo before Justice Roesch without a jury. This was done, and decision reserved, and Justice Roesch decided against the defendant after due deliberation. Under such circumstances it is extremely doubtful if Justice Roesch could have set aside his own judgment as against the weight of evidence, if the application had been made and granted on that ground. It would seem that he became functus officio from the rendition of the judgment under such circumstances, which are not contemplated by section 254 of the Municipal Court act. Can it be suggested for a moment that when a defendant has tried his action before one judge, and then retried it before another because the first one refused to decide the matter, waiving on the second occasion a jury trial, then, because he has been defeated on the second attempt, he can then come in and move to vacate the judgment, in order to get the jury trial which he has waived? We think not. And certainly he may not succeed in having such an applica-

tion granted upon the ground that, after all, a jury trial might be more satisfactory.

The order appealed from must be reversed and vacated, and the judgment reinstated, with costs to the appellant in this court and in the court below.